Today's cases will be called as previously announced, and the times will be allotted to counsel. The first case today is 22-1927, United States v. Sean Walker. Would Attorney Varney please come up to the podium and present? I'm sorry, introduce yourself. And I believe it's 22-1929, not 22-1929. Thank you, Judge. Sorry about that. Good morning, Your Honors. May it please the Court? My name is Sarah Varney, and I'm here today on behalf of the appellant, Sean Walker. Attorney Darren Griffiths appears with me at counsel table. Do you reserve any time for rebuttal? I would request just two minutes for rebuttal. Okay. Thank you, and you may proceed. Let me just ask you straight out, and then you can go with your argument. But you're challenging on appeal for guideline enhancements, so the question is why the court plainly error or, you know, was there a clear error or was there an abuse of discretion as to those? Because it's a pretty high standard you have to reach. That is true, Your Honor. Go ahead. In this case, the clear error is in the calculation of the guideline range itself. The guidelines themselves are set to assist with creating a sentence that is no more severe than or no harsher than necessary. And because the court dismissed applicable reductions out of hand while applying each enhancement requested by the government, the resulting sentence and the guidelines themselves were harsher than necessary. So even though on its face a one-month under-guideline sentence looks reasonable, reaching that guideline range itself was done incorrectly. And this court should reverse and remand Mr. Walker's case for resentencing with a corrected guideline range for three reasons. First, and I think the largest reduction at issue, was the mitigating role reduction. That reduction was denied to Mr. Walker despite the fact that the factors laid out in the guideline, which were instituted by the Sentencing Commission in 2015 in response to courts applying this reduction too sparingly. The balance of those factors indicates that Mr. Walker was, in fact, substantially less culpable than the remaining three members of the sentence. What factors the court weighed in making its determination? Your Honor, we don't. And actually the transcript is relatively silent to the court's specific reasoning. Is that a problem? It in itself is not. It does create a slight challenge for this court in reviewing the reasoning. But essentially what the court appears to have done is adopt the reasoning of probation in the pre-sentence report. On that particular factor, the probation report, or the PSR, indicated that Walker was aware of the plan, agreed to it, and was fully prepared to effectuate the crime but for police and prevention. That, unfortunately, is not the standard for the mitigating role reduction. That, in fact, goes more to the incomplete conspiracy reduction, and it doesn't speak to- Was the pre-sentence report objective, or was there, after the report came out, was there a request for probation to look into the mitigating role? Because the rules, the local rules provide, as do the federal rules, if there's any issues with the pre-sentence report, you file a written objection, and then, in my experience, many times things like that have been brought. Probation will modify the report. Did that happen? Yes, Your Honor. Actually, a number of objections were filed by the defendant, and that reasoning was actually in probation's response in the PSR to those objections. Counsel, can I ask you a question? Because I think one of the challenges here is that there are only four participants, correct? That is correct. And we have case law looking at situations where there are just a small number of participants, and we have said that somebody that falls in the middle would not be a minor or minimal participant. So I'm wondering if you can address that specific question. What would be the basis for citing that your client sort of didn't fall in the middle of culpability among the four people that were involved? So, Your Honor, in those cases, first, the guideline itself doesn't set a minimum number of people in the group. It can address any group criminal activity. In those cases, frequently the people who are found to be in the middle are those who are actively sharing responsibilities. They share in the planning. They share in the execution. It seems to appear, at least since the amendment most recently in drug smuggling cases, where there's three people on a tiny boat in the middle of the ocean for this 100-or-more-mile journey. In this case, the actual balance of the factors, so the degree of understanding, the participation in planning, the exercise of decision-making authority, the degree to which the defendant stood to benefit, and the participation in the commission, which factors in discretion and responsibility, all of those, and the balance of those factors weigh in favor of Mr. Walker. I guess my question, though, is, again, if there's four people, and given what the plain language of the guideline requires, would we need to find that he was the least culpable of the four in order to give him the reduction that you're asking for, or otherwise he's in the middle, and our cases suggest that somebody who's in the middle is not really a minor or minimal participant. So do we need to find that he was the least culpable of the four? Not necessarily the least. I think that is the case here, though. The minor versus minimal reduction, the minimal role reduction is the four-point reduction, and that is plainly the least culpable. But even the minor role reduction is less culpable than most of the others involved. Here, the government has conceded that Mr. Walker was at least less culpable than Mr. Johnson, who was entering the house with a firearm that Mr. Walker was not even aware of. But that essentially says that Mr. Melendez and Mr. Katana, who were really the ringleaders of this whole conspiracy, are somehow less culpable even than them, simply because they weren't entering. But Mr. Melendez seems actually, in fact, more appropriate for the aggravating role enhancement because he was the ringleader and the organizer. So on that spectrum, and really comparing to the ringleader, the kind of information gatherer who helped in the planning, the armed individual, Mr. Walker does fall at the bottom of that range. And let me ask you, why would there be clear error on behalf of the court for not warning that? Because it's really a factual determination. Well, it is a factual determination. It's clear error not to plainly consider those factors. And in light of the facts here that Mr. Walker had no involvement in the planning, he was a late addition to this conspiracy. And even his own co-conspirators viewed him as nonessential. There's a phone call where Johnson is informed by Melendez of Mr. Walker's substitution in the plan. He balks at it originally and then says, no, no, no, it doesn't actually matter. I'm going in first. Basically, whoever is coming in with me, it's not a factor. Let me ask you, because your challenge on appeal, it's a guideline interpretation. But it seems to me what you're saying is procedurally, and you don't have a procedural reasonableness argument on appeal, but procedurally the judge should have made further factual findings or further, you know. So is it really a procedural argument, even though it's an erroneous guideline calculation, what you're saying? I think realistically it is still a factual argument. It's just that the facts here are so clear that Mr. Walker fell far below the three others that he should have had some level of reduction, whether it was the four-point minimal participant reduction or even the two-point reduction or the three-point in-between. This entire guideline features a spectrum, and it's supposed to be applied, as this Court has actually said in, I think, Arias-Mercedes, that it exists on a continuum. Counsel? I'm sorry. So you are then arguing that it was clear error because he was clearly the least culpable of the four, and that's why it was a clear error not to award the reduction? Yes. Is that your argument? Yes. Does it have to be clear error, though, if— so the government argued at least one of these factors at sentencing, right? They argued that his intended conduct in the conspiracy was enough to meet the test set out in the guidelines, right? I mean, they didn't say it that way, but that's what they argued about. Could a court simply looking at that one factor decide that Mr. Walker was not a minor participant? No, Your Honor. And, in fact, the commentary on the guideline found that too many courts, as a result of a finding that too many courts were finding this integral role as just a dispositive factor, specifically said that even someone who plays an integral role in the commission of the crime is not precluded from getting this reduction. Because it's comparative. It's not absolute. That's correct. And let me ask you, are you asking us to remand the case and say the guideline applies, or are you asking us to remand the case and have the court make further specific findings? Your Honor, we are asking this court to find that the guideline should have applied, correct the guideline range, and remand for resentencing based on that guideline range. So I think there's a complete 11 levels at issue here. Even a difference of just three levels renders Mr. Walker's sentence that he actually received above the guideline range. So it's a very close difference. But two would not. Two would be harmless errors. So we'd have to find that he was in between minor and minimal for it to make a difference here? Well, Your Honor, it's in the 11 levels that we're arguing about. So some combination of those. And it seems that the harsher sentence that the court had in mind was actually on the basis of the guideline range. He sentenced below guideline based on everything presented at sentencing. I think even a two-level reduction would place him towards the low end of a guideline range and could have had a significant factor or a significant influence on the court's reasoning. Okay, thank you. And you have saved the two minutes for rebuttal. Thank you. So let's hear now from the United States, Ms. DeVincentes. Would you please introduce yourself for the record? Thank you. Good morning, may it please the Court. Alexia DeVincentes on behalf of the United States. Judge Helpe is correct here that the standard that the defendant has to prove is a high one. He has to demonstrate that the district court's denial of the minimal role adjustment or mitigating role adjustment was clearly erroneous and that he cannot do. And, in fact, this Court can accept that Melendez was more culpable than the defendant. It can also accept that Johnson was more culpable than the defendant and even assume for the sake of argument that Katana was as well and still reach the conclusion that the district court did not clearly err in denying the mitigating role adjustment because the standard here is not whether the defendant is the least culpable. The standard here is whether or not he is substantially less culpable than the average of the participants. And the district court did not clearly err in concluding that given the nature of his agreed-to participation in this robbery, he was not substantially less culpable. He agreed to be one of two people in a four-person conspiracy who was going to actually go into the house to commit the robbery and take the risk of violence that that entails. Counsel, can you expand on why you think he's not substantially less culpable than the ringleader, as your opposing counsel described, and the person who is going to go in but with a gun? Why is he not substantially less culpable than both of them? I think it was well within the district court's discretion, or in other words, the district court did not clearly err in concluding that he was not substantially less culpable because, again, the very nature of his agreed-upon participation in this conspiracy was to enter the house. But that sounds like you're doing the integral role analysis rather than the comparative analysis. I'm just wondering if there are particular facts that you could point to to show that he was not substantially less culpable than the ringleader or the person with the gun. I would disagree that what we're talking about here is an integral role analysis. It's not about how integral his role was, but rather the nature of the role. He agreed to be a person who, with the risk that people were going to be in this household, was going to enter it. Furthermore, with a crowbar, with a screwdriver, with the razor blades. I know, but if you compare that to the other, I think what Judge Rickleman is asking you is compare it to the other three people we have here, one who planned, two who went to the porch and took things already, a third, the third Johnson who had the gun and was going to go first into the house. Well, I would first of all push back on the notion that somebody who merely went to the porch and took boxes is somehow, in any way, significantly more culpable than a person who was willing to go inside the house with the risk that people were going to be there, and furthermore, armed with what the district court correctly found were dangerous weapons. I mean, different acts within a broader conspiracy, right? It's helpful to go to the house before you break into it, especially if you're the ringleader, right? I wouldn't disagree that it's helpful, but that doesn't make that person substantially more culpable than somebody who is agreeing to go into the house. Hobbs Act robbery, by definition, carries with it a risk of violence. It is an agreement to carry out a robbery from a person, meaning taking the property from the presence or the person of another. Given the inherent risk for violence that is implicated by an agreement to commit a Hobbs Act robbery, the district court didn't clearly err in finding that he wasn't substantially less culpable. In other words, I think you can say that for Melendez, his culpability was ratcheted up because he was clearly the ringleader here. You can say that for Johnson, it was ratcheted up as well. But ultimately, when you're weighing whether or not we're talking about someone who is substantially less culpable versus someone who is somewhat less culpable, we give discretion to the district court to weigh those factors, and the district court here did not clearly err. Let me ask, here you mention, and obviously it's a Hobbs Act case, so this is a robbery that's being planned, and I take it that your argument is everybody who is participating, you might have different degrees of roles, but the guideline under this type of case and these facts, again, it's not an abuse of discretion. You could contrast it to maybe a drug case where you have the kingpin, you have the sellers, distributors, and you have different roles, and maybe you just have somebody who's a lookout or something. That would more clearly probably apply. Somebody who's a lookout and doesn't charge for the drugs and set the prices, doesn't transport the drugs, that would be kind of like a distinction, correct? Right, and I would point this court in particular to a couple of its prior cases, specifically Molina-Morero, where this court affirmed the denial of a minor role adjustment where the defendant did nothing more than serve as a lookout and a getaway car driver during a robbery. Moreover, in Montes-Fossey, the district court, or excuse me, this court again affirmed the denial of a minor role adjustment where the defendant had done nothing more than drive his co-conspirator to the scene of a robbery. So the common thread is like kind of violent crimes, robberies, it's everybody's sort of the guideline may not apply. Well, it may well be the case that somebody who a district court could find without committing clear error that perhaps somebody who merely was dropping someone off at a robbery was entitled to a mitigated role adjustment, but that clearly is not. Participated at the last minute or something. Correct, but that's clearly not what we're talking about. Let me ask you another hypothetical. Let's assume in this exact case, besides Walker, there were others more, let's say there were 10, 12 people involved and they were all more culpable. The result would be the same even if he didn't get the guideline application, correct? As long as he wasn't substantially less culpable than the average of the participants, yes. Again, this isn't a question of whether he was less culpable, it's a question of whether or not he was substantially less culpable. So would you agree that he was less culpable than at least two of the other participants? I would not disagree that he is probably less culpable than Melendez and Johnson, but I would resist the notion that he's less culpable than Katana, who was not going to be making entry into the house and was merely gathering information. And again, the key question is not less culpable, but substantially less culpable. Correct, and the standard of review is for clear error, meaning we give deference to the district court's determination. So, counsel, under your understanding for a given set of defendants, a court could conclude that no one is entitled to the reduction because no one among the group was substantially less culpable than anybody else. Absolutely, absolutely. You could have four defendants, and simply because there are four defendants or three defendants or two defendants doesn't mean one defendant gets this mitigating role adjustment. Again, substantially less culpable, not merely less culpable. One of the things I keep struggling with is just trying to figure out what the court did and why they did it, and I look to the, you know, the sentencing commission and then the factors they tell courts to consider when trying to figure out the answer to this, and I feel like it would, had this court made any findings about why he came out that way, we would know how to review it. And, you know, we have the argument of the government, which was very helpful about Mr. Walker's intended conduct, and that's what the court should consider in deciding that he was not substantially less culpable. We have defense counsel who I think argued every single factor there. But do we know what the court did here? This court's case law is clear that one can discern from the arguments made by the parties what the district court's rationale was, and specifically at page 68 of the appendix, you will see where the government was arguing that it was difficult to imagine that somebody who was agreeing to be one of the two people to actually go in and commit the robbery was somehow entitled to a mitigating role adjustment. And so I think it's clear from the record here what the district court was relying on, and it was precisely the nature and circumstances of the defendant's participation. So it wasn't a case where the U.S. government didn't argue anything and the judge simply said denied. There was an argument, argument by the defense, and then the court said denied based on these arguments. Exactly. The judge helped me. But, counsel, wouldn't the government have needed to compare him to the other two participants? I saw that in the record. I saw the government made that argument, so you're absolutely right. That's there comparing him to, you know, he and Johnson are culpable in the government's views because they're the ones who are going to go in. But the government never compared him to the other participants, did it? I would push back on that a bit. I think implicit in the government's argument that the nature of his participation made him ineligible for this mitigating role adjustment, implicit in that is a comparison to the activities of the other people in the conspiracy. I think that's where, you know, that's just where I'm struggling a little bit because, again, that just sounds a little too much like the nature of the role. I understand what you were arguing before, that you could look at a group and even if you compare them you can decide nobody's substantially less culpable than anyone else, but you have to compare them. You can't just look at their roles. So I'm just wondering if there's anywhere in the record you can point us to where the government actually, for the court's benefit, compared all four. Well, two points. Again, I think it was implicit in the government's argument. But secondly, let's not forget that this district court presided over the trial of Brace Katana, which had happened just a few months before this defendant's sentencing. This district court judge was also responsible for sentencing each of the other co-defendants in this case. This was one case with four defendants before the same district court judge. Okay. Thank you. Thank you. And Ms. Varney, you have two minutes for rebuttal. Your Honors, if I may just address two points on rebuttal. A lot of the case law actually relied upon by the government predated this factor amendment. In fact, Melina Marrero and Montes Fossey were both actually sentenced prior to those factors being created and put into the guideline commentary. Melina Marrero itself specifically relied upon this vital role or integral role reasoning that the commission then responded to in making this amendment in 2015. And in Montes Fossey, the facts were actually very close. The defendant had been sentenced prior to those guidelines being amended, so the factors were not considered. And this court actually said that on those facts that the case actually gives us pause. That entire determination came down to deference to the sentencing court. And in that case, the sentencing court didn't even have these factors as instructions to consider. The concern here is that Mr. Walker was ultimately sentenced on the basis of a single factor, the nature of his participation. And even that factor didn't weigh very strongly in its kind of entirety toward preclusion of this enhancement because that factor itself instructs courts to look at discretion and responsibility in that participation. And Mr. Walker, for the most part, was simply following directions. Even if entering the house was what he was directed to do, he didn't exercise responsibility and discretion in that role. And then the remaining factors weigh heavily. But let me ask you, exercise and discretion, in the guideline application, that is not a factor. The court can consider all that, but I don't see anything in the guideline that says, you can be equally culpable or less culpable, maybe not substantially less culpable, but that doesn't really factor into the guideline application, correct? Well, Your Honor, the guideline instructs courts to determine if someone is substantially less culpable and they provide very clear instructions on how to do that. In the cases that this court has primarily issued, in those opinions, they have been prior to those factors. And in this case, it becomes very clear that those factors were not considered, and the balance of those factors on the facts on the record favor application of that mitigating role reduction. Okay. Thank you. And a very good argument on your behalf. Same with Ms. Simphey's. So thanks to both. That concludes arguments in this case.